# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK E RAHOI,

          Plaintiff,

v.                                  Case No. 20-CV-1289

INTERNAL REVENUE SERVICE,

          Defendant.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is plaintiff Mark E Rahoi's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2). Having reviewed Rahoi's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, his Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting the plaintiff Rahoi's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic,"

"delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Rahoi's complaint. Rahoi argues that he is eligible to receive an economic impact payment ("stimulus check") but has not received it due to an IRS computer error. (ECF No. 1 at 2-4.) Rahoi alleges that he filled out a 2019 1040 form on paper and on the "IRS free non-filers website" on April 13, 2020. (ECF No. 1 at 2.) When he contacted the IRS on June 24, 2020, he was told that he "was not eligible for the stimulus check because the IRS computer said [he] checked the box that says someone could claim [him] as a dependent on the non-filers form." (ECF No. 1 at 2-3.) He alleges that IRS agent Monroe #100307255 determined that no one claimed him as a dependent, but said that she could not change the system's determination that someone could claim him as a dependent. (ECF No. 1 at 3.) Finally, he alleges he filed a complaint with the Treasury Inspector General for Tax Administration on July 6, 2020, and with the

4

Director of Operations of the IRS on August 2, 2020, both of which were "to no avail." (ECF No. 1 at 3.)

Liberally construing plaintiff's complaint, as the court must all pleadings of non-attorneys, the court construes it as at least alleging that the IRS violated his right to due process. 42 U.S.C. § 1983. Rahoi implies that he has a property interest in receiving an economic impact payment under the 14th Amendment because that is a right created by the CARES Act, a federal law. *See Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016); 116 P.L. 136, 134 Stat. 281, 116 P.L. 136, 134 Stat. 281. He argues that he was denied access to this property due to the government's error, and that his administrative appeals were denied. Construed in this manner, the court finds the complaint satisfies the low standard necessary to proceed under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant**.** Even though the plaintiff has been permitted to proceed in forma pauperis, he is still responsible for the cost of serving the complaint on the defendant. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-

5
Case 2:20-cv-01289-WED   Filed 11/04/20   Page 5 of 6   Document 6

service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2020.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge