UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK E RAHOI,

        Plaintiff,

  v.
                                   Case No. 20-cv-1289-bhl

INTERNAL REVENUE SERVICE,

        Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

---

### BACKGROUND

On August 20, 2020, *pro se* plaintiff Mark E. Rahoi filed a complaint against defendant Internal Revenue Service (IRS) along with a motion for leave to proceed without prepaying the filing fee. (ECF Nos. 1, 2.) In his complaint, Rahoi alleges that the IRS acted with deliberate indifference to his disability and discriminated against him due to his income by failing to correct a computer error and for failing to provide him with his stimulus payment. As a remedy, Rahoi requests "$500.000" and a public declaration that the IRS uses artificial intelligence to make decisions affecting the public. On November 4, 2020, Magistrate Judge Duffin granted Rahoi's request to proceed *in forma pauperis* and screened the complaint. (ECF No. 6.) At that time, the Court liberally construed Rahoi's complaint to allege violations of Rahoi's right to due process for the government's infringement of his right to his economic impact payment.

The IRS filed its first motion to dismiss on January 6, 2021, arguing that the Court lacks subject-matter jurisdiction to hear Rahoi's claims and that Rahoi has failed to state a claim upon which relief can be granted. (ECF No. 10.) The IRS argues that the United States has not waived sovereign immunity for claims arising under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), that Rahoi lacks standing, and that monetary damages are not authorized under the CARES Act or the due process clause of the Fifth Amendment. In response, Rahoi filed a motion to appoint counsel and two motions for an extension of the deadline to respond. Rahoi's motion to appoint counsel was denied by the Court on January 22, 2021. The Court granted

Rahoi's first extension on January 25, 2021, and on February 19, 2021, the Court granted Rahoi's second request for an extension of time to respond to the IRS's motion to dismiss. (ECF No. 18.) As requested in his second motion, the Court gave Rahoi until March 15, 2021 to file his response. Rahoi did not file a timely response. Instead, on March 17, 2021, two days after the deadline, Rahoi filed a proposed amended complaint. (ECF No. 19.) On April 30, 2021, the IRS filed a motion to dismiss Rahoi's amended complaint, arguing again that the United States has not waived sovereign immunity and that Rahoi's claims are moot. (ECF No. 20.) The IRS states that Rahoi filed his 2020 tax return and received an $1,800 recovery rebate credit under the CARES Act, such that a live controversy no longer exists as to Rahoi's claims.

## ANALYSIS

### 1. Rahoi's Proposed Amended Complaint

Rahoi's filing of his proposed amended complaint does not comply with the Federal Rules of Civil Procedure. Rule 15 governs amended pleadings. Rule 15(a) states:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Under this rule, Rahoi was permitted to amend his complaint as a matter of right within twenty-one days of its filing, until September 10, 2020, or within twenty-one days of service of the IRS's motion to dismiss, until January 27, 2021.[1] Because Rahoi did not file his amended complaint until March 17, 2021, he was required to obtain "the opposing party's written consent or the court's leave" before he could file the amended pleading. Fed. R. Civ. P. 15(a)(2). He did not do so.

Rahoi's failure to comply with Rule 15 means that his attempt to amend his complaint was ineffective. Because Rahoi is proceeding without a lawyer, the Court would ordinarily allow him

---

[1] The motion to dismiss contains a certificate of service dated January 6, 2020 certifying that the motion and its supporting documents were mailed to Rahoi. (ECF No. 10.) Rahoi's letter to the Court, filed on January 21, 2021, states that Rahoi had not yet received those documents. (ECF No. 13.) Rahoi's motion for extension of time notes that Rahoi received "the motion to dismiss in the mail by FedEx express on 1/26/2021…" (ECF No. 15.) If Rule 15's twenty-one-day period began on January 26, 2021, the date Rahoi states he received the documents, he would have had until February 16, 2021 to file an amended complaint as a matter of course. Either way, Rahoi's amended complaint was filed too late to qualify for amendment under Rule 15(a)(1).

the chance to remedy his procedural error by seeking the IRS's consent or filing a motion for permission to amend. The Court would also likely excuse the lateness of his filing. However, in this instance, Rahoi's filings make clear that giving him more time to amend his complaint would be futile.

### 2. Motion to Dismiss

The IRS challenges the sufficiency of Rahoi's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The IRS first argues that the United States has not waived its sovereign immunity as to claims under the CARES Act and that Rahoi failed to file a civil action for a refund under 26 U.S.C. §7422, a necessary prerequisite to filing suit. With respect to waiver, at least two other courts have found that the United States has waived its sovereign immunity for claims brought under the CARES Act. *See Amandor, et al. v. Mnuchin, et al.*, 476 F. Supp. 3d 125, 141-45 (D. Md. Aug. 5, 2020) (locating waiver under 5 U.S.C. § 702); *R.V. v. Mnuchin*, 2020 WL 3402300, at *5-7 (D. Md. June 19, 2020) (identifying waiver under 28 U.S.C. §§ 1331, 1343, 1346 and jurisdiction for claims for damages under the Little Tucker Act). In those cases, plaintiffs had the benefit of experienced counsel to make their arguments. Here, Rahoi is proceeding *pro se*. His pleadings must be construed liberally, *Wilson v. Civ. Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988), so the Court will assume, without deciding, that the United States has waived its sovereign immunity for Rahoi's claim based on the reasoning in *Amandor* and *R.V.*

Regarding exhaustion, the *R.V.* court rejected the IRS's argument that a refund action is a necessary prerequisite to bringing claims under the CARES Act: "By its plain language, § 7422(a) does not apply here because it is not a suit for any tax, penalty, or sum wrongfully collected." *R.V.*, 2020 WL 3402300, at *7; *cf. Amandor*, 476 F. Supp. 3d at 143-44 (noting that requiring the exhaustion of administrative remedies before proceeding with a CARES Act claim "is at odds with the very purpose of the impact payments"). This Court agrees. Rahoi is not bringing a challenge of an "internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." 26 U.S.C. §7422. Accordingly, Rahoi is not required to file a §7422 refund action before bringing this suit.

The IRS is on more solid ground, however, in arguing that Rahoi lacks standing. More specifically, the IRS contends that Rahoi has not suffered an actual or imminent injury-in-fact, one of the three requirements of standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)

(quotation and citations omitted) ("Our cases have established that the irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."). To satisfy the injury-in-fact requirement, the plaintiff must plausibly allege "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Rahoi has not established that he has suffered an injury or will suffer an imminent injury if the Court does not address his claims. The CARES Act did not grant an eligible individual a right to an immediate economic impact payment. *See* 26 U.S.C. §6428(f)(3)(A) (emphasis added) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly *as possible*."). Instead, the statute permits a recovery rebate to be made by advance refund, or a tax credit, or a combination of the two. 26 U.S.C. §6428. Assuming Rahoi is an eligible individual as defined under the law, his right to an economic impact payment would not be infringed upon unless and until he files his 2020 tax return and is denied the payment by the IRS.[2] Rahoi therefore has not alleged "an invasion of a legally protected interest" that is actual or imminent. *Spokeo*, 136 S. Ct. at 1548.

For the same reason, Rahoi has failed to state a valid due process claim. He does not allege facts sufficient to establish he has a fundamental liberty interest in a CARES Act refund (the stimulus payment) or that he has suffered a wrongful withholding of that interest. *Cf. Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (noting that fundamental rights and liberty interests protected by the Due Process Clause include the rights to marry, to raise children, to privacy, to use contraception, and to bodily integrity, as well as the interests protected by the Bill of Rights) (internal citations omitted). Therefore, Rahoi's complaint must be dismissed under Rule 12(b)(6) as well, for his failure to state a claim.[3] The Court need not address the IRS's other arguments as to ripeness and damages.

---

[2] The IRS's second motion to dismiss avers that Rahoi filed a federal tax return for the 2020 tax year on February 13, 2021, and that Rahoi received a recovery rebate credit totaling $1,800 on or about March 3, 2021. (ECF No. 20, at 5.) To the extent that Rahoi has received his stimulus payment, his claims are moot and the case must be dismissed. *See Our Country Home Enterprises, Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 782 (7th Cir. 2017) ("Under Article III, cases that do not involve actual, ongoing controversies are moot and must be dismissed for lack of jurisdiction.").

[3] To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662,

## CONCLUSION

Accordingly, for the reasons stated,

**IT IS HEREBY ORDERED** that the motion to dismiss, ECF No. 10, is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The case is dismissed and the Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motion to dismiss, ECF No. 20, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on July 1, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge

---

684 (2009). A plaintiff does not need to include "detailed factual allegations" in order to satisfy Fed. R. Civ. P. 8(a)(2); instead, the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555-56 (internal quotation marks omitted).